### UNITED STATES v. REUGGER.

(Circuit Court, S. D. New York. November 28, 1908.)

#### No. 4,961.

Customs Duties (§ 25*)—Classification—Common Yellow Earthenware—"Common."

In Tariff Act July 24, 1897, c. 11, § 1, Schedule B, par. 94, 30 Stat. 156 (U. S. Comp. St. 1901, p. 1633), providing for "common yellow * * * earthenware," "common" is not a commercial, but a descriptive, term; and Sarreguemines ware, which is of a superior quality, is not within said provision.

[Ed. Note.—For other cases, see Customs Duties, Cent. Dig. § 45; Dec. Dig. § 25.*

For other definitions, see Words and Phrases, vol. 2, pp. 1310–1312.]

On Application for Review of a Decision by the Board of United States General Appraisers.

In the decision below the Board of General Appraisers reversed the assessment of duty by the collector of customs at the port of New York on merchandise imported by Charles R. Reugger. The imports in controversy are described as follows in the board's opinion (per Hay, General Appraiser):

The importer testified that the ware is called "Sarreguemines earthenware"; that it is made from clay taken from the ground in Sarreguemines, Germany. One of the government witnesses called the ware ivory porcelain of very superior grade, made of a composition clay and finished with a fretting glaze. The other government witness said that an article of Sarreguemines make would sell at retail for 10 cents, while a similar article of common yellow earthenware would only sell for 3 cents; but both of the witnesses for the government spoke of the ware as yellow earthenware of a superior quality. * * * The testimony in this case, when carefully analyzed, goes no further than to show that the ware under consideration is a good quality of yellow earthenware.

D. Frank Lloyd, Asst. U. S. Atty.

Comstock & Washburn (J. Stuart Tompkins, of counsel), for importer.

MARTIN, District Judge. The merchandise in question consisted of certain "earthenware." It was assessed for duty at the rate of 55 per cent. ad valorem under Tariff Act July 24, 1897, c. 11, § 1, Schedule B, par. 96, 30 Stat. 156 (U. S. Comp. St. 1901, p. 1633). The relevant portion of that paragraph is as follows:

All other china, porcelain, parian, bisque, earthen, stone, and crockery ware, and manufactures thereof, or of which the same is the component material of chief value, by whatever name known, not specially provided for in this act, * * * if not ornamented or decorated.

The importer protested, claiming said merchandise to be properly dutiable at 25 per cent. ad valorem under paragraph 91 of said act as "common yellow * * * earthenware." The Board of General Appraisers sustained this protest, from which decision the government appeals to this court.

A large amount of evidence has been taken in this court since the board rendered its decision. That evidence shows that the article in question is not "common yellow earthenware," but is earthenware of a superior quality. The evidence also shows that the word "common" is not a commercial designation, but is a descriptive term, and as such does not describe the imported articles of which Exhibits 1 and 2 are samples; they being of too good a quality to come within that description. The evidence further shows that Exhibits 1 and 2 are worth at least twice as much as illustrative Exhibit A, which is a fair sample of "common" earthenware. One of the witnesses for the importer testifies that the value of Exhibits 1 and 2 is at least three or four times that of Exhibit A. An examination of all the evidence in the case, taken before the board and in this court, leads me to the conclusion that the merchandise in question should not be classified as "common yellow earthenware."

The decision of the Board of General Appraisers is reversed, and the assessment of duty by the collector affirmed.